**YANG CHU, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**No. 03–40860–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

Karen Jaffe, New York, NY, for Petitioner.

Andrew J. Lay, Assistant United States Attorney (Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri), St. Louis, MO, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Chu ("Chu") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to the People's Republic of China and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

■ With respect to the asylum and withholding of deportation claims, the IJ properly denied relief based on an adverse credibility finding that is supported by substantial evidence. Specifically, the IJ noted discrepancies between the evidence submitted by Chu prior to the removal hearing and Chu's testimony at the hearing, most notably the date that Chu had left China. In addition, the IJ noted that Chu's father had written a letter in which he stated that only the organizer of a meeting was arrested, whereas Chu testified that, in addition to the leader, six people attending the meeting had also been arrested. Finally, the IJ noted that Chu's testimony was vague in several respects, including Chu's inability to remember the names of the eight members of his

Bible study group. In sum, the IJ provided "specific, cogent reasons" for finding Chu to be incredible, and those reasons "[bore] a legitimate nexus to" his asylum and withholding of removal claims. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

To be eligible for withholding of removal under the CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "[T]he BIA's decision with respect to an alien's claims for asylum and withholding of removal pursuant to the INA should never, in itself, be determinative of the alien's CAT claim." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004).

■ In the present case, the IJ's decision leaves doubt as to whether the IJ made two "logically separate" findings with respect to the denial of asylum and withholding of removal on the one hand, and CAT relief on the other. *Chen v. U.S. Dept. of Justice,* 426 F.3d 104, 115–16 (2d Cir.2005). The IJ denied Chu's asylum claim, and then simply stated: "A claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for either withholding of removal ... or relief under Article 3 of the Convention Against Torture." *Compare Chen,* 426 F.3d at 116 ("Linguistically, the IJ's denial of relief under the Convention appears, as required, to be logically separate from his denial of asylum and withholding; and as a practical matter, Chen provided no evidence whatsoever that he is likely to be tortured if returned to China.").

For these reasons, the petition for review is GRANTED with respect to the CAT claim, denied with respect to the

asylum and withholding of removal claims, and the case is REMANDED to the BIA for proceedings consistent with this order.