**YANG CHU, Petitioner,**

v.

**Peter D. KEISLER,\* Respondent.**

**No. 06–3616–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 6, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi LLC, New York, N.Y., for Appellant.

Sarah Maloney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. PETER W. HALL and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Yang Chu, a native and citizen of China, petitions for review of a July 13, 2006, BIA order ("2006 BIA Order") denying his claim for protection under the CAT. *In re Yang Chu*, No. A 76 971 644 (B.I.A. July 13, 2006), *aff'g* No. A 76 971 644 (Immig. Ct. N.Y. City Sept. 10, 2001). He also requests remand for determination of the likelihood of torture based on his illegal emigration from China. We assume the parties' and counsel's familiarity with the facts and the procedural history of this case, and the scope of the issues presented by this petition.

The 2006 BIA Order provides an adequate and logically separate finding that petitioner is ineligible for CAT relief because the factual assertions underlying his CAT claim are not credible. We have already determined, in an earlier decision in this matter, that the IJ's adverse credibility finding, upon which the 2006 BIA Order is based, was supported by substantial evidence. *See Yang Chu v. Gonzales*, 155 Fed.Appx. 536, 537 (2d Cir.2005). We therefore deny the petition with respect to the CAT claim.

The petitioner's argument regarding the consequences of his illegal emigration from China has been raised for the first time in this petition. "If the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue...." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007). Because the government has noted Chu's failure to exhaust the issue of illegal emigration penalties, we decline to address this issue. *Id.* at 115.

The petition for review of the order of the Board of Immigration Appeals is hereby DENIED.